## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSE DEJESUS MARTINEZ,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:04-CR-431-DAK**<br><br>**Judge Dale A. Kimball** |

On June 10, 2026, Defendant filed a Motion for Early Termination of Supervised Release. This court initially sentenced Defendant to 188 months incarceration followed by 48 months of supervised release. Defendant began his term of supervised release on February 28, 2020. Defendant had two violations of his supervised release and on April 22, 2025, this court sentenced him to a term of time served followed by 24 months of supervised release. Defendant, therefore, began his new term of supervised release on April 22, 2025 and will complete it on April 21, 2027. Defendant's United States Probation Officer has provided the court with a supervision summary and, while recognizing the progress Defendant has made during his second period of supervised release, does not support early termination because Defendant does not meet the criteria for early termination under the Guide to Judiciary Policy. Similarly, the United States does not support early termination of supervised release at this time.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice."   The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has made much better progress on his current term of supervised release. He has done well maintaining stable employment and his problems with drug screening have improved. However, Defendant was convicted of a serious offense, his criminal history consists of four prior felony convictions relating to controlled substances, and he missed his last drug screening on July 4, 2026. The court concludes that, while Defendant has made progress, Defendant should continue to have constructive communication with his probation officer regarding his compliance with drug testing and ability to self-manage his progress. At this time, the court concludes that early termination is not appropriate. Therefore, the court denies Defendant's motion for early termination of supervised release.

Dated this 13th day of July 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

2